# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## G. L. FITCHETT v. J. R. PARSONS, COMMITTEE.

### June 11, 1925.

Argued before Judge Chichester took his seat.

1. MAXIMS—*Silence.*—One of the maxims of the law is that one who has been silent when he should have spoken will not be permitted to speak when he should be silent.

2. ESTOPPEL—*Inconsistent Positions by Litigant in Different Actions.*—A litigant will not be permitted to take a position in conflict with a position taken by him in a former judicial proceeding.

3. ESTOPPEL—*Inconsistent Positions in Different Actions—Mistake in Verdict—Case at Bar.*—In a suit by a lessor for rent the lessor was under the impression that he had received three months' rent ($450.00) and brought suit for the total amount of rent due less three monthly payments ($2,400.00). In fact, there had been four payments as appeared at the trial and the amount due was really $2,250.00, and not $2,400.00. The jury found that the lessor "should have his rent." Counsel for the plaintiff losing sight of the fact that they had previously excluded the rent from March 15, 1921, to June 15, 1921, from the suit, thus allowing defendant a credit of $450,00, erroneously stated to the jury that from the amount sued for ($2,400.00), $600.00, four months' rent, should be deducted; and a verdict of $1,800 was entered for plaintiff. Whereas, properly, only $150.00 was deductible from the amount sued for. Counsel for the defendant knew at the time that only $600.00 had been paid on the lease. Subsequently, the lessor brought the instant suit for additional rent due, and also included rent claimed for March 15, 1921, to June 15, 1921. Defendant pleaded payment for these three months.

    *Held:* That defendant was estopped by his conduct in the first suit from entering this plea of payment.

Error to a judgment of the Circuit Court of Northampton county in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Mears & Mears*, and *J. Brooks Mapp*, for the plaintiff in error.

*S. James Turlington* and *James E. Heath*, for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

This is an action at law instituted in the circuit court by the defendant in error (hereinafter called plaintiff) against the plaintiff in error (hereinafter called defendant). Upon the trial of the case a jury was waived, and by stipulation of counsel Honorable Stewart K. Powell was selected to act as judge *pro tempore*, who, after having heard the evidence and argument of counsel, rendered judgment in favor of the plaintiff for the sum of $1,350.00.

The facts set forth in the petition for a writ of error are not disputed, and are as follows:

"On February 18, 1921, Charles W. Parsons, lessor, entered into a written lease with the Eastern Shore Motor Company, Inc., lessee, both of the town of Cape Charles, in the county of Northampton, according to the terms of which lease the said Charles W. Parsons leased unto the said Eastern Shore Motor Company certain real estate situate in the town of Cape Charles, to be used by the Eastern Shore Motor Company as a garage, from March 15, 1921, for a term of five years, said lease to expire on March 15, 1926, and the rent for same for said period of five years to be nine thousand dollars ($9,000.00), payable in sixty equal installments of one hundred and fifty dollars ($150.00) each, the first of said installments to become due April 15, 1921,

and another installment on the first day of each month thereafter during the term of said lease.

"Your petitioner, by a writing at the foot of said lease, bound himself for the fulfilment of the terms of said lease by the lessee.

"The lessee made four payments to the said Charles N. Parsons under said lease, the payments having been as follows: April 18, 1921, one hundred and fifty dollars ($150.00); May 17, 1921, one hundred and fifty dollars ($150.00); June 17, 1921, one hundred and fifty dollars ($150.00), and a fourth payment, the check covering said fourth payment being lost.

"Shortly after making said four payments the Eastern Shore Motor Company, lessee, failed and was adjudicated a bankrupt. No additional payments were made by it or in its behalf. Later, to-wit, on the day of          , 1921, suit was brought in behalf of the said Charles W. Parsons against your petitioner for twenty-four hundred dollars ($2,400.00), that is to say for rent due under said lease for the period commencing June 15, 1921, and ending October 16, 1922. At the time said suit was brought, counsel for the said Charles W. Parsons' committee were under the impression that only three payments had been made aggregating four hundred and fifty dollars ($450.00), when as a matter of fact four payments had been made aggregating six hundred dollars ($600.00). This first suit was tried in the Circuit Court of Accomac county on the          day of April, 1923, and at said trial it appeared as aforesaid that six hundred dollars ($600.00) had been paid instead of four hundred and fifty dollars ($450.00). Your petitioner contested any and all liability under said lease upon grounds not here material, but was unsuccessful in his contentions and the jury found in favor of the said Charles W. Parsons.

When said jury returned to the court, the foreman thereof said: "Mr. Parsons shall have his rent," and counsel for said Parsons stated to the court in the presence and hearing of counsel for your petitioner that the verdict should be for eighteen hundred dollars ($1,800.00). The verdict was so signed and entered and judgment thereon given against your petitioner, which judgment was paid in full prior to the trial of the instant case. On the morning following the entering of said judgment in the Circuit Court of Accomac county, counsel for said Charles W. Parsons discovered that the verdict should have been for twenty-two hundred and fifty ($2,250.00) instead of for eighteen hundred dollars ($1,800.00). The mistake was due to the fact that having brought suit for twenty-four hundred dollars ($2,400.00) and the evidence having shown that six hundred dollars ($600.00) had been paid, counsel for said Parsons stated that there was a balance due of eighteen hundred dollars ($1,800.00), but in so stating overlooked the fact that before bringing suit they had given credit for three months rent, to-wit, four hundred and fifty dollars ($450.00). Counsel for the plaintiff made a motion before the court to have said verdict corrected, which motion was opposed by counsel for your petitioner and the court overruled said motion and entered judgment on the jury's verdict of eighteen hundred dollars ($1,800.00).

"Later, to-wit, about May, 1923, the instant suit was instituted in the Circuit Court of Northampton county in behalf of J. R. Parsons, committee of Charles W. Parsons, against your petitioner, this suit being likewise by notice of motion for judgment. In the instant suit a judgment for thirteen hundred and fifty

dollars ($1,350.00) was asked for with interest from April 15, 1923. Said amount, as is shown by said notice of motion, was claimed to be due for the three months beginning March 15, 1921, and ending June 15, 1921, and for the six months beginning October 15, 1922, and ending April 15, 1923.

"Your petitioner prior to the trial and judgment complained of filed a plea of part payment in which he claimed that the rent between March 15, 1921, and June 15, 1921, had been paid. A jury was waived and the entire matter submitted to the court, who, upon the notice of motion for judgment, your petitioner's plea, and the undisputed facts and evidence, entered the final judgment complained of."

In the petition for the writ of error the assignment of error alleged is as follows:

"Your petitioner's one and only contention is that the circuit court, in the instant case, erred in entering judgment for more than nine hundred dollars ($900.00). In other words, it was and is your petitioner's contention that in the instant case the plaintiff could not recover from your petitioner for the three months' rent beginning March 15, 1921, and ending June 15, 1921."

The defense relied on is purely technical. It is conceded by counsel for the defendant that he was not entitled to the credit allowed him, as shown by the following in the petition:

"Your petitioner admits that there was a mistake in the amount of the verdict in the first case tried, to-wit, that for twenty-four hundred dollars ($2,400.00) in the Circuit Court of Accomac county. It was apparently the intention of the plaintiff and of plaintiff's counsel to recover in said action all of the rent due by your petitioner up to October 15, 1922. The lease began March 15, 1921, making nineteen months' rent due up

to October 15, 1922, or the sum of twenty-eight hundred and fifty dollars ($2,850.00). The evidence at said first trial showed that six hundred dollars ($600.00) had been paid, leaving a balance actually due of twenty-two hundred and fifty dollars ($2,250.00), instead of eighteen hundred dollars ($1,800.00).

The contention of the plaintiff is that when the credit of six hundred dollars was applied, at the suggestion and insistence of the defendant in the first instance, then he will not be permitted to repudiate his action and demand the application of the payments to the original indebtedness. When counsel for plaintiff inadvertently made the wrong deduction from the amount of $2,400.00 sued for, common justice demands that the mistake be rectified.

[1] One of the maxims of the law is that "one who has been silent when he should have spoken will not be permitted to speak when he should be silent." *Snead* v. *Atkinson*, 121 Va. 182, 92 S. E. 835.

The certificate of facts of the judge *pro tempore* who tried this case expressly sets forth: "The said Benjamin W. Mears and J. Brooks Mapp both knew at the time that this sum of $600.00 was all that had ever been paid on the lease."

[2] To sustain the plea of part payment filed by the defendant in the instant case, in view of the attitude of the defendant in the original action, would, in effect, nullify the doctrine that a litigant will not be permitted to take a position in conflict with a position taken by him in a former judicial proceeding. For every wrong the law will find a remedy.

[3] Without entering upon a discussion of the question of part payment, or the question of the application of payments, we are firmly of the opinion that the remedy to be applied against the attempted wrong in

this case is that favorite one of the courts, the doctrine of estoppel.

In *Kirk* v. *Hamilton*, 102 U. S. 76, 26 L. Ed. 79, Mr. Justice Harlan, in discussing the doctrine, said: "What I induce my neighbor to regard as true is the truth as between us, if he has been misled by my asseveration."

In *Daniels* v. *Tearney*, 102 U. S. 420, 26 L. Ed. 187, Mr. Justice Swayne, delivering the opinion of the court, said: "The principle of estoppel thus applied has its foundation in a wise and salutary policy. It is a means of repose. It promotes fair dealing. It cannot be made an instrument of wrong or oppression, and it often gives triumphs to right and justice, where nothing else known to our jurisprudence can, by its operation, secure those ends. Like the statute of limitations, it is a conservator and without it society could not well go on."

The judgment of the trial court will be affirmed.

*Affirmed.*