# Richmond.

## T. LEE BYRD v. PENNSYLVANIA RAILROAD COMPANY.

December 4, 1928.

The opinion states the case.

*Elmer W. Somers* and *B. Drummond Ayres*, for the plaintiff in error.

*Stewart K. Powell*, for the defendant in error.

McLEMORE, J., delivered the opinion of the court.

This is an action of trespass on the case brought by the plaintiff against the defendant railroad company in the Circuit Court of Accomac county to the September rules 1926. There was a verdict in favor of the plaintiff for $400.00 which the court set aside and entered judgment for the defendant.

A writ of error to this action of the court, granted at the instance of the plaintiff, brings the case before us for review.

Plaintiff Byrd is a merchant owning and operating a store at Mears Station on the Pennsylvania railroad in Accomac county. His store building sits in the southwest angle created by the intersection of the county road and the right-of-way of the defendant company, so that the building is bounded on the north by the right-of-way and on the east by the county road.

There is a decided depression in the land at this point and the store floor is built about four inches above the ground. From the store southerly along the right-of-way 178 feet, there is a culvert under the double track bed of the railroad, which takes the water accumulating along the eastern side of the railroad to the west side of the tracks on its way to the bay.

The water is brought to this culvert by two ditches, one that runs along the right-of-way and one that leads to the culvert along a line at right angles to the railroad; there is also a considerable flow of water to this basin area from the higher land adjacent thereto, whenever there is a heavy precipitation.

On August 21, 1926, there was an unusual, almost unprecedented, rain, which began on Thursday and ceased on Saturday about midnight, the total precipitation amounting to eight inches; the Saturday rain being continuous and very heavy.

The defendant company previous to this time had been repairing the tracks by the substitution of new ties for the worn ones, and to that end had placed along the right-of-way new ties, and left the old ones there as well. Some of these were either in or very near the edge of the drain ditch, and also near the eastern mouth

of the culvert immediately prior to the rainfall that caused the damage complained of. Under normal conditions there was but little water in either of these ditches.

There is no real conflict in the testimony which establishes the facts above stated, but many of the statements to follow are in sharp conflict.

For some reason the culvert was clearly insufficient to cary off the water that accumulated on the east side of the track on Saturday night as a result of which it rose until it ran across the tracks of the railroad, and backed into the store of plaintiff submerging the floor to the depth of about twenty inches, and damaging his store and stock, as he contends, to the extent of $1,522.83.

There was evidence that the cross ties left along the right-of-way, certainly two of them, were carried by the flood of rising water down to the intake of the culvert and were so held by the pressure of the water at its mouth as to greatly reduce its efficiency, and to have been the chief cause of the damage to the plaintiff's property.

There was also evidence tending to show that the damage was caused by the deluge of water, greater than could have been anticipated from any past experience and therefore not required to have been provided for in the exercise of reasonable prudence and prevision.

The declaration alleges the duty to provide a sufficient and suitable culvert under the road bed to carry off the water that might reasonably be expected to accumulate at this point. It then sets up a breach of this duty and further charges that the railroad company allowed the culvert to become "choked and

stopped up by several cross ties which it had removed from its road bed and negligently placed along the ditches running parallel to its said right-of-way," etc.

The bill of particulars amplifies these allegations and gives in some detail the item claimed as damages— amounting to $1,522.83. The grounds of defense amount to the general issue with the addition of clause six therein which is:

"That any damage sustained by the plaintiff was caused by a rain storm so heavy, violent and intense as not to be reasonably anticipated by the defendant, and that the damage, if any, sustained by the plaintiff was caused by an act of God and not by any negligence of the defendant."

Thus was submitted to the jury the question of defendant's liability and the amount of damages that should be awarded if the plaintiff was entitled to recover at all.

The instructions were all excepted to, but we think they fairly stated the law, and fully covered the questions to be determined by the jury. Whether they did or not, there are no grounds of objections stated in the record to the several rulings of the court, and this court will therefore not consider objections urged here for the first time. Rule of Court No. 22; *Levine* v. *Levine*, 144 Va. 330, 132 S. E. 320; *Kercher's Admr.* v. *R. F. & P. R. R. Co.*, 150 Va. 108, 142 S. E. 393; *Myers* v. *Bibee Grocery Co.*, 148 Va. 282, 138 S. E. 570.

The jury rendered a verdict in favor of the plaintiff for $400.00, whereupon the plaintiff moved the court to set aside said verdict of the jury and enter judgment for the sum of $1,522.83 in favor of the plaintiff "for the full amount of damage proven and uncontradicted."

On the next day, February 5, 1927, the following order was entered:

"This day came again the parties by their attorneys. Thereupon, said plaintiff, by his said attorneys, asked leave of the court to withdraw his motion made on yesterday to set aside the verdict of the jury on the ground then set forth and to enter up judgment for the full amount of damages, which leave is granted and the same is withdrawn accordingly. Whereupon, said defendant, by its attorney, moved the court to set aside said verdict on the following grounds: Because the verdict is contrary to the law and the evidence and because said verdict is plainly against the great weight of the evidence; and the said defendant further moved the court to enter up judgment for the defendant; which motion being thereupon fully argued the same is continued until Monday morning, next, at 9 o'clock."

On the following Monday the court sustained the motion of the defendant, and after setting aside the verdict of the jury, entered a judgment for the defendant to which the plaintiff then and there excepted. The proceedings covering this phase of the case are described in plaintiff's exception No. 6, which reads:

"After the jury had brought in its verdict as set forth in certificate of exception No. 5, the plaintiff moved the court to set aside the verdict and enter judgment for him for the full amount of damages proven and uncontradicted on the ground 'that the verdict of the jury is a finding on the merits for the plaintiff, and the damages assessed by them are contrary to the evidence, as the uncontradicted evidence shows the plaintiff entitled to ten hundred twenty-two dollars and eighty-three cents ($1,022.83) for damages to his stock and five hundred ($500.00) dollars to his building:'

"And thereupon the defendant moved the court to set aside the verdict and enter final judgment for it as set forth in said certificate of exception No. 5; and thereupon the plaintiff asked leave to withdraw his motion, which leave was granted, and his motion was withdrawn accordingly.

"And thereupon, after the defendant's motion above mentioned had been fully argued, the court sustained the same upon the ground that the verdict was contrary to the law and the evidence, and was plainly against the greater weight of the evidence; and the court, being of opinion that there was sufficient evidence before the court to enable it to decide the case upon its merits, entered final judgment for the defendant.

"After final judgment had been so entered by the court for the defendant, during the same term and before the 15th day thereof, the plaintiff asked leave of the court to renew his motion and submitted to the court the following motion in writing:

" 'Motion of plaintiff to set aside verdict and enter judgment for the plaintiff for the full amount of damage proven and uncontradicted on the ground:

" '(1) That the verdict of the jury is a finding on the merits for the plaintiff and the damages assessed by them are contrary to the evidence, as the uncontradicted evidence shows the plaintiff entitled to $1,022.83 for damages to his stock and $500.00 to his building.'

"Which leave the court refused to grant, and to which action of the court the plaintiff excepted."

 One of the questions presented is whether the plaintiff can withdraw a motion made by him to set aside a verdict, then oppose a motion of defendant (in which the court is asked to and does vacate the jury's findings and other judgment for defendant) and

after he has lost in the position taken before the court, and judgment has been entered against him, be allowed at some later date in the term to file the same motion which had been previously withdrawn and for the time abandoned?

We think the two positions inconsistent and subversive of the spirit of common law pleadings and procedure.

"As a general rule a party is estopped from taking a position which is inconsistent with one previously assumed in the course of the same action or proceeding." 10 R. C. L., pages 698-699; *Southern Railway Company* v. *Blanford*, 105 Va. 373, 54 S. E. 1; *Lahr* v. *Metropolitan Elec. Ry. Co.*, 104 N. Y. 268, 10 N. E. 528; *Anson* v. *Dwight*, 18 Iowa 241.

We are referred to the case of *Blake* v. *Smith*, 147 Va. 960, 133 S. E. 685, and *Apperson-Lee Motor Company* v. *Ring*, 150 Va. 283, 143 S. E. 694, as sustaining the plaintiff's position. In neither of these cases was the pending motion of the plaintiff withdrawn, leaving only the defendant's motion to set the verdict aside before the court, as in the instant case, and they are therefore not in point.

Plaintiff first moved the court to set aside the verdict and enter judgment in his favor for the damages claimed by him. While this motion was pending, defendant filed its motion also asking that the verdict of the jury be set aside and judgment entered for the defendant company. With two motions before the court each seeking the reversal of the jury's findings, the plaintiff asked the court for permission to withdraw his motion which was granted. He thereupon withdrew his original motion, and then and there opposed the defendant's motion to set aside the plaintiff's verdict and enter judgment for the defendant.

The court after argument and mature consideration sustained the defendant's motion, and plaintiff excepted. After judgment had been entered, but before the 15th day of the term, the plaintiff asked leave of the court to renew the motion first made and withdrawn, which the court refused. In this we think it was clearly right. If the court had overruled the defendant's motion to set the verdict aside, it would, in the nature of things, thereby have approved the verdict and have entered judgment thereon.

That course of procedure that tends to give to litigants a prompt trial on the merits, should be encouraged and commended, but when pleadings are interposed, the effect of which is to delay the final disposition of issues once fairly submitted and adjudicated, they should ordinarily receive scant consideration.

The case presented is based upon an exception to the action of the learned trial court in setting aside the verdict of the jury, and entering judgment for the defendant. The plaintiff in withdrawing his objection to the verdict, and opposing the defendant's motion, was necessarily placed in the attitude of supporting the verdict, which the court set aside, and we have, therefore, to enquire whether there was sufficient evidence to support an award of any amount in favor of the plaintiff.

It may be entirely correct to say that the evidence preponderated in favor of the defendant; it is also true that as to several of the acts of negligence complained of there was a sharp conflict in the testimony. There were witnesses who testified that defendant allowed ties to remain in the ditch on the right-of-way, or in close proximity thereto, so that when caught by the rising water they were borne to and against the mouth of the culvert thereby materially obstructing

the flow of the water through the aperture, so much so, that the water rose above the railroad embankment and backed into the store of the plaintiff.

There was also evidence tending to show that the condition and causes for the failure of the culvert to carry off the water were brought home to the agents of defendant company present on the premises that night.

The jury was very fully instructed as to the conditions under which a verdict for the plaintiff might be returned. If there was no evidence upon which a recovery could be sustained, no instruction should have been given authorizing a verdict. We think there was evidence which, if believed, is sufficient to support the jury's award of $400.00, and the same will therefore be reinstated and a final order entered in this court.

*Judgment reversed.*