## Richmond

CLAYCIE B. BROWN et al.

v.

LAWSON TRANSPORTATION CORPORATION AND COMMONWEALTH OF VIRGINIA, UNINSURED EMPLOYER'S FUND

No. 1552-87-2

Decided February 21, 1989

COUNSEL

J. Stephen Proffitt, III (House, Davidson & Proffitt, on brief), for appellants.

Christopher D. Eib, Assistant Attorney General (Mary Sue Terry, Attorney General, and Walter A. McFarlane, Deputy Attorney General, on brief), for appellees.

OPINION

BAKER, J.—Claycie B. Brown (claimant), widow of Elwood Brown (decedent), appeals from a decision of the Industrial Commission of Virginia (commission) which denied her claim for workers' compensation death benefits. She asserts that benefits accrued to her by reason of decedent's death caused by injuries he allegedly suffered while driving a bus for Lawson Transportation Corporation (Lawson) on December 12, 1985. The Commonwealth of Virginia Uninsured Employer's Fund (the fund) was made a party defendant to claimant's claim because prior to the accident Lawson's workers' compensation insurance had been cancelled for lack of premium payment.

In its opinion, the commission held that the evidence "establishes that at the time of his death, (decedent) was the (operator of the) . . . bus as an independent contractor" and not as an employee of Lawson. It further found that while admissible for consideration of claimant's claim for benefits, "admissions made (on behalf of Lawson) in the pleadings (of the third-party actions) for insurance purposes" that decedent was an employee of Lawson at the time of the accident, are not binding on the commission. Claimant argues that because of those admissions Lawson is estopped to assert before the commission that decedent was not an employee acting within the scope of his employment at the time of the accident.

Several third-party personal injury actions were instituted against Lawson by passengers on the bus and in the other vehicles involved in the accident; however, decedent was not named as a

party defendant in any of the cases. Acting on behalf of Lawson, counsel for Lawson's liability insurance carrier denied, in some of the answers to the suits, that decedent was an employee of Lawson. In other pleadings, counsel for Lawson admitted decedent's employment, and in at least one of the suits counsel responded to a request for admission by admitting that at the time of the accident decedent was an employee driving the bus within the scope of his employment. Notwithstanding those pleadings, James Channon, president and owner of Lawson, when deposed — and at all other times — steadfastly stated that decedent was an independent contractor who leased the bus from Lawson and that at the time of the accident decedent was not acting as its employee.

The frequency with which the term estoppel is used loosely makes framing a formal definition, which will cover or include all the matters to which the term estoppel has been applied, difficult, if not impossible. 28 Am. Jur. 2d *Estoppel and Waiver* § 1 (1966). One principle is certain: the essence of estoppel requires that an act relied upon must be shown to have been injurious and to the prejudice of him who relies upon it. *Putnam v. Ford*, 155 Va. 625, 631, 155 S.E. 823, 824 (1930); *see also Cain v. Rea*, 159 Va. 446, 460, 166 S.E. 478, 483 (1932) (where the requirements for application of estoppel are set forth). Where a party seeks to invoke the doctrine of estoppel he has the burden to prove by clear, precise and unequivocal evidence that it should be invoked, *Berry's Ex'x v. Fishburne*, 104 Va. 459, 463, 51 S.E. 827, 828 (1905), and no act which is clearly beneficial to a person can be relied upon as creating an estoppel in his favor. 28 Am. Jur. 2d *Estoppel and Waiver* § 78 (1966). Moreover, "estoppel operates neither in favor of nor against strangers — that is, persons who are neither parties nor privies to the transaction out of which the claimed estoppel arose." *Id.* § 115.

While the general rule is that a party is forbidden to take inconsistent positions in successive suits, we agree with authorities which hold that this rule is applicable only when the party making the election has led another to be prejudiced by reliance on his first position. *See Metcalfe Bros., Inc. v. American Mut. Liab. Ins. Co.*, 484 F. Supp. 826, 830-31 (W.D. Va. 1980). Furthermore, the doctrine of estoppel by inconsistent position does not apply to a prior proceeding in which the parties are not the same

as those in the action in which estoppel is being asserted. *The Pittston Co. v. O'Hara*, 191 Va. 886, 902, 63 S.E.2d 34, 43, *dismissed*, 342 U.S. 803 (1951).

Before the commission and in depositions taken in connection with the third-party actions, Channon testified that decedent was an independent contractor and Channon never varied from that position. He further testified that the attorney for his liability insurance carrier never consulted him concerning the admissions made relative to decedent's employment.

Claimant now argues that she was injured by the admissions because she "might" have pursued litigation against Lawson for permitting decedent to drive a "dangerous and defective bus, or some other (not described) theory." The record discloses that not later than April 1987, claimant knew that the defense of independent contractor would be relied on by the fund and by Lawson, and by May 1987 her attorney had made additional extensive investigations as to the cause of the accident and the condition of the bus. Nothing prevented claimant from instituting common law actions at anytime prior to the time limitation bar. The record fails to disclose that the admissions caused claimant the loss of any right she may have had relative to either a common law action or claim before the commission. At best, even if she was in privity with a party to the third-party actions, her claim of being misled to her detriment is inconclusive and speculative. The estoppel doctrine cannot be based upon conjecture.

The authorities are agreed that where one relies on estoppel *in pais*, the burden is on him to prove the essentials of such an estoppel by clear, precise and unequivocal evidence. The evidence must not leave the matter to mere inference or conjecture. It must be certain in every particular.

*Trayer v. Bristol Parking Inc.*, 198 Va. 595, 606, 95 S.E.2d 224, 232 (1956).

In summary, neither claimant nor the fund were parties to either of the third-party actions; therefore, the required mutuality to support an estoppel plea is absent. Moreover, it appears from the testimony of Elizabeth M. Allen, presented to the commission by claimant, that because the admissions were made by Lawson's counsel decedent was not made a defendant in the third-party ac-

tions. Thus, the admissions may have benefited the claimant. In addition, the record discloses that claimant was aware that her claim would be contested on the basis of the independent contractor theory. Thus, her claim that she was misled and thereby deprived of her right to bring a common law action is without foundation.

The rights claimant acquired as a result of her husband's death were to bring either of two actions. If decedent was an independent contractor, claimant was entitled to bring a common law action against Lawson upon proof of its negligence. In the alternative, she was entitled to bring a claim for workers' compensation widow's death benefits if decedent was an employee of Lawson and acting within the scope of his employment at the time of his death. Nothing contained in the admissions caused her to change her position or deprived her of the right to institute the action she felt was appropriate. Thus, claimant has failed to sustain her burden to prove that the act relied on for estoppel caused her injury or prejudice.

The remaining issue is whether there was sufficient credible evidence to support the commission's finding that decedent was an independent contractor. Channon testified that decedent was an employee of his company until September 1985, at which time Channon entered into a lease agreement with decedent. From that time until the time of his death decedent was the exclusive operator for himself of the commuter run he previously had operated as an employee of Lawson. Levern Sydnor, a former employee of Lawson, who also worked with decedent on the commuter run, testified that prior to September 1, 1985 he and decedent collected the fares from the passengers but after that date only decedent made the collections. In addition, Sydnor related that prior to September 1, 1985 he was paid by Lawson but thereafter he was paid by decedent. The testimony of Channon and Sydnor is sufficient credible evidence to support the commission's finding and we are bound thereby.

Accordingly, the judgment of the Industrial Commission is affirmed.

*Affirmed.*

Hodges, J., and Keenan, J., concurred.