COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Fitzpatrick and Annunziata
Argued at Richmond, Virginia


RICHFOOD, INC.
                                              OPINION BY
v.    Record No. 0512-97-2        JUDGE ROSEMARIE ANNUNZIATA
                                            NOVEMBER 10, 1997
ROBERT RAGSDALE

           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                R. Ferrell Newman (Thompson, Smithers,
                Newman & Wade, on brief), for appellant.

                Martha L. Bond (Earl J. Gee; McEachin &
                Gee, P.C., on brief), for appellee.


      Richfood, Inc. (Richfood) appeals the decision of the

commission, finding Robert Ragsdale (claimant) to be a statutory

employee of Richfood and, thus, qualified for benefits under the

Act.  For the reasons that follow, we affirm.

      Claimant operates his own trucking business as a sole

proprietor and is uninsured for workers' compensation purposes.

On March 2, 1993, claimant operated his truck under contract with

Perdue, Inc. to deliver turkeys from Perdue's plant to Richfood's

facility in Mechanicsville, Virginia.  While unloading the Perdue

turkeys at Richfood's warehouse, claimant was struck and injured

by a pallet jack operated by a Richfood employee.

      Claimant filed suit against Richfood in the Circuit Court of

the City of Richmond, alleging common law negligence against

Richfood under a theory of respondeat superior.  In response,

Richfood filed a "Plea of Worker's [sic] Compensation," alleging

that claimant "was a statutory employee of Richfood at the time of the accident, [thus barring] his action against Richfood . . . [under] the applicable provisions of the Worker's [sic] Compensation Act." The trial court sustained Richfood's plea, finding that the Act barred claimant's action at law and that Richfood "will cover any injuries sustained by [claimant]." Claimant did not appeal this ruling.

Claimant then pursued a claim before the Virginia Workers' Compensation Commission, which Richfood defended on the ground that claimant was not its statutory employee at the time of the accident. Richfood's defenses were sustained by the deputy commissioner but reversed by the full commission. The commission found that claimant was a statutory employee of Richfood at the time of the accident and, furthermore, that Richfood was estopped from asserting otherwise.

The issues on appeal are (1) whether, by virtue of the final order of the Circuit Court of the City of Richmond barring claimant's action at law on the ground that he was the statutory employee of Richfood, an order which was granted upon Richfood's motion, Richfood is estopped from now asserting otherwise; and (2) if not, whether claimant qualifies as a statutory employee.[1]

---

[1]There is no dispute that claimant suffered an "injury by accident" within the meaning of the Act and that, at the time the injury was sustained, claimant was engaged in a function normally performed by Richfood employees in the course of Richfood's business.

It is well settled that in successive actions between two parties, "a party will not be permitted to maintain inconsistent positions or to take a position in regard to a matter which is directly contrary to, or inconsistent with, one previously assumed by him."  28 Am. Jur. 2d Estoppel and Waiver § 68 (1966); see also Brown v. Lawson Transp. Corp., 7 Va. App. 679, 681, 377 S.E.2d 136, 137 (1989).  Whether Richfood is judicially estopped from asserting claimant is not its employee for purposes of entitlement under the Workers' Compensation Act (Act) is a mixed question of law and fact, fully reviewable by this Court. Sinclair v. Shelter Constr. Co., 23 Va. App. 154, 156-57, 474 S.E.2d 856, 857-58 (1996) (citing City of Waynesboro v. Harter, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985)).

It is clear that Richfood defended against claimant's civil action for negligence by advancing a pleading denominated "Plea of Worker's [sic] Compensation".  Seeking to have claimant's suit dismissed, Richfood contended claimant's "sole remedy," as Richfood's "statutory employee," was under the "applicable provisions" of the Act.  Before the commission, Richfood argued claimant was not its statutory employee, a position which, on its face, appears precluded under the doctrine of judicial estoppel.

To avoid the reach of the doctrine, however, Richfood argues that while claimant "was, in fact, its statutory employee as regards the tort claim[,] . . . Richfood's obligation to pay

benefits to the claimant depends on whether he qualifies under the specific provisions of the Act."  In other words, a "statutory employee" whose status as such deprives the circuit court of jurisdiction to hear a civil negligence case is not necessarily a "statutory employee" for the purposes of determining benefits entitlement under the Act.[2]

Richfood's position before the commission requires treating claimant's "employee" status as transformed to that of "subcontractor."  Building from that unexplained premise, Richfood argued that claimant's claim under the Act was governed by the dictates of Code § 65.2-302(A) and, accordingly, should have been dismissed by the commission.[3]  Implicit in the position

[2]To establish an estoppel in judicial proceedings, one must prove by "clear precise and unequivocal evidence that it should be invoked."  Brown, 7 Va. App. at 681, 377 S.E.2d at 137.  Among those elements which must be established are "1) the inconsistent position first asserted must have been successfully maintained; 2) a judgment must have been rendered; 3) the positions must be clearly inconsistent; 4) the parties and questions must be the same; 5) the party claiming estoppel must have been misled and have changed his position; and 6) it must appear unjust to one party to permit the other to change."  28 Am. Jur. 2d Estoppel and Waiver § 70 (1966).  With the exception of the claim that different questions were raised in each forum, neither the failure to establish the factual predicates nor to meet the burden of proof is before us on appeal.

[3]Code § 65.2-302 provides:

> When any person (referred to in this section as "owner") undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (referred to in this section as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to

4

advanced before the commission is Richfood's contention that judicial estoppel has no applicability here because the concession that claimant was its statutory employee in the tort action does not control the definition of "employee" under Code § 65.2-302(A).

We find no merit in Richfood's contention that the commission erroneously found that Richfood was judicially estopped from asserting that claimant was not an employee entitled to coverage under the Act. Richfood's reliance on Code § 65.2-302 is misplaced, as construction of the statutory provision is not at issue here. We focus instead on the estoppel effect of Richfood's conduct in the court proceeding.

In defending the tort action in the circuit court based on claimant's status as "statutory employee," Richfood, a fortiori, postured itself as claimant's "statutory employer." As claimant's statutory employer, Richfood effectively conceded it is fully liable under the Act. Code § 65.2-302; see, e.g., Sites Constr. Co. v. Harbeson, 16 Va. App. 835, 837, 434 S.E.2d 1, 2 (1993). Indeed, the effect of Richfood's position before the circuit court on the issue of liability was to claim that no distinction should be made between its liability to its direct employees under the Act, and its liability to claimant, its

pay any worker employed in the work any compensation under this title which he would have been liable to pay if the worker had been immediately employed by him.

5

"statutory employee."  Such is the effect of the term of art, "statutory employee," a term it freely employed in defeating claimant's tort action.  See Baker v. Nussman & Cox, 152 Va. 293, 302, 147 S.E. 246, 249 (1929) (This section of the Code regarding statutory employer "made [statutory employees] eligible to compensation just as the employees of the owner or contractor are eligible under the definition of employees as defined [elsewhere in the Code].").  To sustain such a distinction in claimant's status before the commission would be manifestly inconsistent with Richfood's prior representations before the trial court.  Claimant, relying on the legal posture Richfood assumed before the trial court, noted no appeal of the court's decision and submitted his claim for benefits under the Workers' Compensation Act, as Richfood had invited.

Finally, the argument Richfood posits would be inimical to the purpose of the Act: to provide the exclusive remedy for injured employees.  The Act precludes double recovery, both in an action at law and pursuant to claim under the Act; Richfood seeks the converse of the axiom, a double avoidance of liability.

The decision of the commission is accordingly affirmed.

Affirmed.

6