## CIRCUIT COURT OF THE CITY OF RICHMOND

Alfred Edwin Wood
and Ann G. Wood

   v.

V. Cassel Adamson, Jr.

Case No. LM-1855-1

BY JUDGE MELVIN R. HUGHES, JR.

March 6, 2002

Defendant's motion to disqualify plaintiffs' counsel is before the court for decision. The facts taken from the motion for judgment and those mentioned during a hearing on the motion are summarized.

The beneficiaries of a will admitted to probate in Louisa County have brought this action against the former administrator of the estate alleging fraud and seeking money damages.

Henry E. Batcheller died in Louisa County in January 1996 and defendant Adamson qualified as administrator of the estate. Several months later, Linda Williams, a friend of Batcheller, found a handwritten will. Under the will, plaintiffs are the principal beneficiaries. Plaintiffs allege that Williams gave Adamson a four-page will, which Adamson failed to provide or offer for probate. Instead, according to plaintiffs, Adamson filed a suit for aid and guidance seeking the court's ruling on whether only a three page will, which he alleged was all that was provided him by Williams, could be admitted to probate as a holographic will. In that proceeding, Joseph E. Blackburn, plaintiffs' counsel here, represented five individuals who would take if Batcheller died intestate.

The present plaintiffs also filed an action seeking probate of what they first thought to be only a three-page document Williams discovered. During the course of the proceedings, plaintiffs found out from Williams that there was a fourth page which contained Batcheller's signature. Later, the court found that the four-page document was Batcheller's last will and admitted it to probate. Now, in this case, plaintiffs seek damages from Adamson contending that he intentionally misrepresented and delayed offering the will to probate.

The entire course of events transpired over a five year period during which time plaintiffs claim they were caused to expend about $180,000 in attorney's fees. In his motion to disqualify, Adamson contends that plaintiffs' counsel is a material witness in that he has knowledge of facts concerning the existence of the fourth page of the will and that he has other knowledge which would attribute any delay to others. Thus, Adamson says, this evidence would support his defense; that is, any damages plaintiffs claim were not caused by him. Continuing, Adamson contends that Blackburn should be disqualified because representing plaintiffs who are beneficiaries is untenable in light of his former representation of others who stood to benefit had Batcheller been found to have died intestate.

Adamson cites the Code of Professional Responsibility and certain disciplinary rules implementing them. These articulate prohibitions against counsel's taking on representation that would impair independent professional judgment possibly inimical to the interests of a client due to past representation of others and being a witness in a case. See D.R. 5-101 and D.R. 5-102 (dealing with refusing employment that may impair professional judgment and withdrawal of counsel when the lawyer becomes a witness, respectively.)

It has been said the courts should be wary of motions to disqualify counsel because they may have a strategic purpose not implicating the merits of the motion. *Tessier v. Plastic Surgery Specialists, Inc.*, 73 F. Supp. 721, 729 (E.D. Va. 1990). At the hearing, counsel for plaintiff represented that he knew no more about the three-page versus four-page controversy than did others and that he relied on Adamson's statements made during the Louisa proceedings that all he had was three pages of the will.

One can undertake the representation of a client after having represented another in the same or substantially same matter when both the former and present client consent. D.R. 5-101. However, here, though the two representations relate, it is not now clear how the interests of the former client and those of the present will be materially affected by Blackburn's present representation. Presumably, Blackburn has the consent of both sets of clients.

At this juncture, the court is unsure of just what knowledge Adamson claims Blackburn has to make him a material witness. At the hearing, Blackburn related what he said and Adamson did not offer any evidence of what particular facts Blackburn came to know that would put him in a position of having to be a witness to advance his clients' cause. For these reasons, the court will deny the motion.

## July 31, 2002

Plaintiffs instituted this lawsuit against the defendant, an attorney and former administrator of the estate of Henry E. Batcheller, Jr., alleging fraud and seeking compensatory and punitive damages. Trial is set for September 24, 2002, with a jury. Presently, before the court are two plaintiffs' motions: partial summary judgment on the ground of judicial estoppel and a motion in limine to preclude defendant from presenting any evidence of settlement of related prior litigation at trial before permission is granted by the court.

### Facts

According to the Motion for Judgment, Henry E. Batcheller, Jr., died on January 1, 1996. On January 17, 1996, the Louisa County Circuit Court appointed defendant V. Cassel Adamson, Jr., a Virginia attorney, administrator of Batcheller's estate. On or about February or March of that year, Batcheller's friend, Linda Williams, found Batcheller's four page handwritten will, which named plaintiffs as primary beneficiaries. In November 1996 or shortly thereafter, Williams gave the four pages to Adamson. Thereafter, Adamson failed to advise anyone that he received four pages, but rather only disclosed to anyone that he received three pages, with no fourth signature page. Plaintiffs filed an action seeking to probate the three pages as Batcheller's will. While that proceeding was pending, Williams advised plaintiffs that she had found four pages and provided a copy to plaintiffs. Plaintiffs then sought to probate the four pages. Pursuant to a settlement, the court decreed the four pages as the last will and testament of Henry Batcheller and admitted it to probate. Plaintiffs brought this action to recover incurred attorney's fees and expenses as a result of Adamson's conduct and punitive damages. In his Answer, Adamson denies he was ever given the fourth page and asserts he did not disclose that which he did not know.

In the earlier proceeding, in his responsive pleading, Adamson admitted the allegations in paragraphs 5, 6, and 7 of the Woods' Bill of Complaint. These allege:

28

5. Subsequent to the Decedent's death, a neighbor and personal friend of the Decedent found a sealed envelope in the Decedent's residence bearing his handwritten inscription on the front "Last Will and Testament of H. E. Batcheller, Jr., to be delivered to Mr. and Mrs. A. E. Wood." The envelope contained the four-page holograph attached as Exhibit A [to the Bill of Complaint].

6. The neighbor and personal friend of the Decedent informed the Administrator [Adamson] that she had found the envelope with the four-page holograph. At the Administrator's instruction, she retained the envelope and the four-page holograph in her possession pending the Administrator's determination of whether there was a later will.

7. When no later will was found, the neighbor and personal friend of the Decedent delivered to the Administrator at his request the envelope and the four-page holograph she had found in the Decedent's residence. Before doing so, however, she made a photocopy of the four-page holograph.

Partial Summary Judgment

In a deposition in the earlier case, Adamson denied ever receiving, having, or having any knowledge of the fourth page of the will. In the next paragraph of the Bill of Complaint, paragraph 8, which Adamson also admitted, plaintiff alleged that Adamson gave the Woods' then counsel three pages and that Adamson "cannot find, and does not recall having, the fourth page of the holograph."

Judicial estoppel forbids the taking of inconsistent positions. In *Winslow v. Scaife*, 224 Va. 647, 229 S.E. 354 (1983), the Virginia Supreme Court said at page 653:

We are committed to the principle that [w]e do not permit a litigant to assume inconsistent and mutually contradictory positions. *McLaughlin v. Gholson*, 210 Va. 498, 501 171 S.E.2d 816, 818 (1970); *Rohanna v. Vazzana*, 196 Va. 549, 553-54, 84 S.E.2d 440, 442 (1954); *Burch v. Grace Street Bldg. Corp.*, 168 Va. 329, 340, 191 S.E. 672, 677 (1937); *Strickland v. Dunn*, 219 Va. 76, 79, 244 S.E.2d 764, 766 (1978).

The Court has also said:

In Virginia, we have also approved the general rule that a party is forbidden to assume successive positions in the course of a suit, or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other, or mutually contradictory. A litigant

is estopped from taking a position which is inconsistent with one previously assumed, either in the course of litigation for the same cause of action, or in dealings *in pais*. This wise and salutary policy has been repeatedly followed. *Chesapeake & Ohio Railway Company v. Rison*, 99 Va. 18, 37 S.E. 320 (1900); *Canada v. C. H. Beasley & Brothers*, 132 Va. 166, 111 S.E. 251, 252 (1922); *Arrows v. Hill's Adm'r*, 135 Va. 235, 117 S.E. 603 (1923); *Alexander v. Commonwealth*, 137 Va. 477, 120 S.E. 296 (1923); *Fittest v. Parsons*, 142 Va. 163, 128 S.E. 457 (1925); *Title, etc. Bank v. Clifton Forge National Bank*, 149 Va. 168, 140 S.E. 272 (1927); *Nagle v. Syer*, 150 Va. 508, 143 S.E. 690 (1928); *Byrd v. Pennsylvania Railroad Company*, 151 Va. 954, 961, 145 S.E. 722 (1928).

In judicial proceedings, the burden is on the proponent of judicial estoppel to prove its application by "clear, precise, and unequivocal evidence that it should be invoked." *Richfood Food, Inc. v. Ragsdale*, 26 Va. App. 21, 26, 492 S.E.2d 836 (1997) (quoting *Brown v. Lawson Transp. Corp.*, 7 Va. App. 679, 377 S.E.2d 136 (1989)). Among the elements that must be established are:

(1) the inconsistent position first asserted must have been successfully maintained;
(2) the judgment must have been rendered;
(3) the positions must be clearly inconsistent;
(4) the parties and question must be the same;
(5) the party claiming estoppel must have been misled and have changed his position;
(6) it must appear unjust to one party to permit the other to change.

*Id.* (citing 28 Am. Jur. 2d, *Estoppel and Waiver*, § 70 (1966)).

The court cannot conclude that the circumstances at hand amount to judicial estoppel. As seen above, in the earlier case, Adamson first admitted to receiving four pages and then in the paragraph immediately following admitted to receiving only three pages. Then he testified throughout that proceeding that he had received only three pages and had no knowledge of a fourth page, etc. While the final decree entered by the Louisa Circuit Court makes a finding that the four pages constituted Batcheller's will, counsel agree that the decree is a product of a settlement. So, the prior court never acted on nor accepted the position Adamson admitted over his

statements to the contrary, but only did so as a result of a settlement. For these reasons and for the reason that all the conditions for applying judicial estoppel are not met, the court will reject plaintiffs' motion for partial summary judgment.

### Motion in Limine

As a general rule, evidence of compromise and settlement is inadmissible. The rule applies whether the evidence concerning compromise and settlement relates to the claim on trial or to another claim involving a third party. *Agelasto v. Frank Atkinson Real Estate*, 229 Va. 59, 327 S.E.2d 84 (1985). However, statements made as part of a settlement or compromise are admissible if it constituted "an express admission of liability made during negotiations for a compromise." *Richmond v. Ewing's Sons*, 251 Va. 8627, 114 S.E.2d 608 (1960). If, during the negotiation, there is an admission of an independent fact pertinent to the question in issue, such evidence is admissible. *Henderson v. Meredith*, 161 Va. 193, 170 S.E. 602 (1933).

Adamson argues that the settlement is probative on the issue of proximate cause of expenses incurred by the Woods. That is, the expenses came about as a result of the intestate heirs who challenged the will. On the other hand, I suppose plaintiffs want to dispel any impression that the settlement resolved any complaint they have with Adamson.

The court does not agree that the mere fact of settlement, by itself, would go to show that the Woods did or did not incur expenses due to Adamson's alleged fraud. Perhaps the contest by the heirs who would take by intestacy in the earlier case would, but the settlement itself would not seem to be probative on the issue of the damages the Woods claim here.

Unless there will be evidence that the settlement resolved issues in this case or there were statements made during the course of the settlement that would amount to an admission, evidence of settlement would not be relevant. So, the court will await the evidence regarding settlement, and admissibility will be determined on the foregoing principles and relevance. Plaintiffs' motion in limine will be taken under advisement until trial.