**Salem**

HARTFORD FIRE INSURANCE COMPANY

v.

PAUL E. TUCKER, et al.

No. 1504-85

Decided September 16, 1986

COUNSEL

Gary E. Tegenkamp (Fox, Wooten & Hart, P.C., on brief), for appellant.

James A. L. Daniel, Robert J. Smitherman (Meade, Tate & Daniel, P.C., on brief), for appellee.

OPINION

**COLEMAN, J.** — This appeal involves a dispute between two workers' compensation insurance carriers over which had the responsibility to pay compensation and medical benefits to the claimant, Paul Tucker. Hartford Fire Insurance Company (Hartford) accepted the initial claim as compensable and assumed the responsibility for paying claimant's benefits from the outset until it discovered that the accident causing claimant's injury occurred

prior to the date upon which it began providing insurance coverage for the employer. When Hartford was unable to persuade Commercial Union Insurance Company (Commercial Union) to voluntarily assume responsibility for the claim since it underwrote the employer's workers' compensation coverage on the date of the accident, Hartford unilaterally ceased paying benefits. Claimant was forced to file for a hearing with the Commission.

The Commission held: (1) it had no jurisdiction to decide Hartford's claim for restitution against Commercial Union to recover the benefits which Hartford had paid; (2) claimant was entitled to compensation benefits as the result of his March 1984 injury; and (3) Hartford remained responsible for claimant's accrued and future compensation and reasonable and necessary medical expenses resulting from the injury. Hartford appeals holdings one and three and we affirm the Commission in each instance.

The issues which we decide are purely legal. We are asked to define the scope of the authority of the Industrial Commission to adjudicate a claim between two competing insurance carriers to recover for benefits already paid an employee-claimant and to decide whether, in the exercise of its jurisdiction, the Commission was correct in holding that Hartford is estopped from denying payment of benefits to claimant.

The relevant facts, as determined by the Commission, are not in dispute. During March 1984, Commercial Union insured Maddox Oil Company (employer) for workers' compensation claims. Effective April 1, 1984, Maddox Oil changed its insurance coverage to Hartford. On March 14, 1984, claimant stepped in a hole twisting his ankle and spraining his back. He was declared unable to work as of April 13, 1984. At that time, employer sent a Report of Accident to insurance agent Scott. An employee of Scott, mistakenly believing that Hartford provided coverage at the time of the accident, changed the name of the insurance company on the report, which had been listed as "Employer's Fire Ins. Co.," (a subsidiary of Commercial Union) and forwarded it to Hartford. Upon receiving the report, an employee of Hartford crossed out the date of the accident, listed as March 14, 1984, and substituted the date of disability, April 13, 1984. After investigating the accident, Hartford accepted the claim as compensable and on June 18, 1984, entered into a Memorandum of Agreement with claimant. On June 25, 1984, the Commission entered an award approving

the agreement and awarding claimant compensation benefits in the amount of $186.87 per week during the period of his incapacity and medical benefits for as long as necessary. Claimant returned to work on May 21, 1984, and benefits were terminated pursuant to an agreed Statement of Fact, which was filed with the Commission. In August 1984, claimant again stopped working and Hartford entered into a Supplemental Memorandum of Agreement to renew compensation until September 9, 1984, when claimant again returned to work. Hartford and the claimant entered into another agreed Statement of Fact terminating benefits on September 10, 1984. This was never filed with the Commission. When claimant again ceased work on September 31, 1984, Hartford resumed compensation payments as of October 31, 1984, and continued paying benefits through January 1, 1985.

In late November 1984, Hartford's claims supervisor discovered that the Hartford policy had not taken effect until more than two weeks after the date of claimant's accident. Hartford attempted to persuade Commercial Union to voluntarily assume responsibility for claimant's disability payments, but Commercial Union refused to accept liability. Hartford unilaterally discontinued payments on January 1, 1985, which prompted claimant to petition the Commission for a hearing.

Hartford argues that since coverage for claimant's injury was the responsibility of Commercial Union, the Commission should have vacated its prior awards, should have entered an order directing Commercial Union to pay future benefits, and should further have directed Commercial Union to make restitution to Hartford for the benefits erroneously paid on behalf of Commercial Union. The Commission ruled that although it had the authority and jurisdiction to determine insurance policy coverage matters, *Hartford Co. v. Fidelity,* 223 Va. 641, 644, 292 S.E.2d 327, 328 (1982); *Hawkeye-Security v. McDaniel,* 210 Va. 209, 212, 169 S.E.2d 582, 585 (1969), it did not have jurisdiction to decide the issue of restitution between insurance carriers.

While recognizing that it had jurisdiction over insurance policy coverage matters *when there is a dispute over which policy was in effect at the time of an industrial accident,* the Commission noted that in this case there was no question that Commercial Union had the coverage at the time of the accident. The Commission held that it did not have jurisdiction, however, to order resti-

tution and apply the doctrine of unjust enrichment as between two carriers. The Commission stated:

> The dispute in this case involves issues *between the two carriers and the agent* and such litigation should not be at the expense of the employee who has already had the issue of compensability of his claim resolved by the Hartford accepting agreements on two occasions with Awards being entered by the Commission.

(emphasis added). The purpose and effect of the Workers' Compensation Act (Act) are to control and regulate the relations *between the employer and the employee. Fauver v. Bell*, 192 Va. 518, 521, 65 S.E.2d 575, 577 (1951). While the Industrial Commission has jurisdiction "to do full and complete justice in each case," which includes the power and authority not only to make and enforce its awards but "to protect itself and its awards from fraud, imposition and mistake," *Harris v. Diamond Construction Co.*, 184 Va. 711, 720, 36 S.E.2d 573, 577 (1946), its jurisdiction does not extend to the litigation and resolution of issues between two insurance carriers which do not affect an award of the Commission. Generally, the Commission's jurisdiction is limited to those issues which are directly or necessarily related to the right of an employee to compensation for a work-related injury. *See* Code § 65.1-92; 4 A. Larson, Workmen's Compensation Law *Insurance* § 92.40 (1986).

In many states, including Virginia, when the rights of the employee in a pending claim are not at stake, the commissions disavow jurisdiction and send the parties to the courts for relief. *See, e.g., Providence Washington Insurance Co. v. Alaska Pacific Assurance Co.*, 654 P.2d 269 (Alaska 1982) (action for reimbursement); *Ocean Accident & Guar. Corp. v. U.S. Fidelity & Guar. Co.*, 63 Ariz. 352, 162 P.2d 609 (1945) (action for subrogation and contribution); *Blevins v. H. S. Williams Co.*, 47 O.I.C. 36 (1965). In *Blevins*, the Industrial Commission was asked to decide whether the cancellation of a policy of insurance was ineffective, which would have made the carrier, as opposed to the employer, liable for compensation to claimant for his injuries. The Commission refused to decide the question because it was solely between the insurer and the employer; the Commission held that its authority is limited to deciding questions involving the claim of an

injured employee seeking compensation under the Act.

Questions between the insurer and the employer or another insurer do not "arise under" the Act except insofar as they affect the rights of an injured employee. Code § 65.1-92. When the rights of the claimant are not at stake, the Act clearly leaves the litigants to their common law remedies, with the pleading requirements, broader discovery and the more stringent rules of evidence not applicable under the Act. *Dillard v. Industrial Commission*, 347 F. Supp. 71, 73 (E.D. Va. 1972), *vacated on other grounds*, 416 U.S. 783 (1974). We find no error in the Commission's denial of jurisdiction.

At the hearing before the Commission on claimant's change in condition application, Hartford requested that the Commission vacate its prior awards to claimant on the ground of mutual mistake. *See Harris v. Diamond Construction Co.*, 184 Va. at 721-22, 36 S.E.2d at 578 (the Commission has the implied power to vacate an award where, by clear and convincing evidence, it is proven to have been procured by fraud or mutual mistake). The Commission reviewed the evidence, however, and declined, "[u]nder the circumstances, . . . to make a finding that there has been a mutual mistake as between the employee and the Hartford in this case," which would have brought the issue within the jurisdiction of the Commission to vacate the award. Rather, the Commission held, although Hartford had ample time to discover that a mistake had been made, "yet [it] entered into not only an Agreement for Compensation but a Supplemental Agreement and paid compensation for a period of nine months before becoming aware of the mistake." Approval by the Commission of a Memorandum of Agreement is binding, and an award of compensation entered upon such agreement is as enforceable as an award entered in a contested proceeding. *J & D Masonry, Inc. v. Kornegay*, 224 Va. 292, 295, 295 S.E.2d 887, 889 (1982); Code § 65.1-93. Under such circumstances, the Commission properly found that Hartford was estopped based upon the Memoranda of Agreement to deny claimant compensation benefits under the awards of the Industrial Commission.

Finally, Hartford contends that neither the courts nor the Industrial Commission can extend insurance coverage where none is provided by a policy. Hartford relies on *Ayres v. Harleysville Mutual Casualty Co.*, 172 Va. 383, 2 S.E.2d 303 (1939), in which

the Court noted that it did not have the power to "make a contract for the parties which they did not make for themselves and never intended to make." *Id.* at 389, 2 S.E.2d at 305. *Ayres*, however, is distinguishable from the case at bar. In *Ayres*, the Court was asked to construe the language of the contract in such a way that the obvious intention of the parties would be frustrated. Here, the Commission, rather than creating or interpreting a contract of insurance, simply enforced the contract into which Hartford entered *voluntarily* by its Memorandum of Agreement and which became enforceable by the Commission's award. *See Kornegay*, 224 Va. at 295, 295 S.E.2d at 889; Code § 65.1-93. We uphold the decision of the Commission to leave the adjudication of the issues between the insurance companies to another forum. Finding no error, we affirm the Commission's award and its disposition of the issues before it.

*Affirmed.*

Koontz, C.J., and Moon, J., concurred.