# Norfolk

## EVELIO WATFORD

v.

## COLONIAL WILLIAMSBURG FOUNDATION

and

## AETNA CASUALTY & SURETY COMPANY

No. 0496-91-1

Decided January 7, 1992

COUNSEL

Karen M. Rye, for appellant.

John M. Oakey, Jr. (A. Ann Berkebile; McGuire, Woods, Battle & Boothe, on brief), for appellee Colonial Williamsburg Foundation.

OPINION

WILLIS, J.—Appealing the judgment of the Virginia Workers' Compensation Commission* denying him workers' compensation benefits, Evelio Watford contends that the commission erred (1) in holding that the employer met its burden of proof under Code § 65.1-38(4), (2) in holding that Colonial Williamsburg Foundation (the employer) gave the notice of defense required by Rule 4 of the Rules of the Industrial Commission, and (3) in finding that the appellant was guilty of willful misconduct which justified the denial of compensation benefits to him. We find no error and af-

---

* Formerly the Industrial Commission of Virginia. Effective October 1, 1991, Title 65.1 was recodified as Title 65.2. All references in this opinion are to Title 65.1, in effect at the time the Commission's decision was rendered in this case.

firm the commission's decision.

■ "Findings of fact made by the Industrial Commission are binding upon appeal when supported by credible evidence." *Dan River, Inc. v. Turner*, 3 Va. App. 592, 593, 352 S.E.2d 18, 19 (1987).

On July 12, 1989, the appellant was injured when a foreign object flew into his eye while he was operating a weed eater for the employer on the Golden Horseshoe Golf Course in Williamsburg. At that time, he was wearing his sunglasses, not the safety glasses that had been issued to him. The commission found that the employer had a safety rule pursuant to which it assigned special protective glasses and helmets to its employees and required their use. The appellant acknowledged that such equipment had been issued to him, that he understood its purpose, and that he had worn it in the past. He admitted that at the time of his injury he was not wearing the proper safety glasses. He explained that he had chosen to wear his normal sunglasses instead, because of bright sunlight on the golf course and because he had seen other employees doing so. The commission found that the appellant's failure to wear the safety glasses was neither approved nor permitted by the employer's supervisory staff and was the cause of his injury. On this basis, the commission found that the appellant was guilty of willful misconduct in violating a safety rule specially designed for his personal protection, and that his eye injury occurred as a result. On this basis, the commission denied his claim.

Code § 65.1-38 provides:

No compensation shall be allowed for an injury or death:

(4) due to willful failure or refusal to use a safety appliance or perform a duty required by statute or the willful breach of any rule or regulation adopted by the employer and approved by the Industrial Commission and brought prior to the accident to the knowledge of the employee.

The burden of proof shall be upon him who claims an exemption or forfeiture under this section.

The appellant first contends that the employer failed to carry the burden of proof required by Code § 65.1-38. The factual record in the case supports the commission's findings and satisfies the

burden of proof.

Rule 4 of the Rules of the Industrial Commission provides:

If the employer or insurance carrier intends to rely upon a defense under Code § 65.1-38 of the Act, it shall file with the Commission . . . a statement of its intent to make such defense together with a statement of the particular act or acts relied upon as showing willful misconduct.

■ By letter timely filed, counsel for the employer gave notice that a defense would be interposed pursuant to Code § 65.1-38. He stated:

At the hearing of this case, the employer and insurer intend to rely on the defense that the claimant's injury was due to his willful failure or refusal to use a safety appliance or to perform a duty required by a rule of the employer and brought to the knowledge of the employee prior to the accident. Specifically, the claimant was required by a safety rule to wear a protective visor covering his face and eyes while using the weed eater machine that he contends caused the accident.

The appellant contends that this notice was insufficient to authorize the interposition of the defense of willful misconduct for failure to wear protective glasses. The commission found otherwise, holding that the notice sufficiently informed the commission and the appellant of the defense of willful failure to wear required eye protection and that the notice satisfied the requirements of Rule 4. "[T]he interpretation which an administrative agency gives its regulation must be accorded great deference and will not be set aside unless arbitrary and capricious. . . ." *Virginia Real Estate Bd. v. Clay*, 9 Va. App. 152, 159, 384 S.E.2d 622, 626 (1989). We find nothing arbitrary or capricious in the interpretation or application of Rule 4 by the commission.

■ Finally, appellant contends that the evidence fails to support the commission's finding that he violated a safety rule as contemplated by Code § 65.1-38(4). He argues that before a violation may justify the denial of benefits, the rule must first be approved by the Virginia Workers' Compensation Commission. He cites no appellate authority in support of that position, and we find none.

Indeed, both the Supreme Court and this court have set forth the criteria for determining whether such a violation has occurred. In *Mills v. Virginia Electric & Power Co.*, 197 Va. 547, 90 S.E.2d 124 (1955), the Supreme Court said:

If the safety rule is reasonable and is known to the employee and for his benefit, and yet he intentionally does the forbidden act, then he is guilty of willful misconduct within the meaning of [§ 65.1-38(4)].

*Id.* at 552, 90 S.E.2d at 127. *See also Spruill v. C.W. Wright Construction Co.*, 8 Va. App. 330, 334, 381 S.E.2d 359, 360-61 (1989). In *Morgan v. Virginia Tractor Company, Inc.*, 51 O.I.C. 193 (1969), addressing the question of whether prior commission approval of a safety rule was required by the statute, the Industrial Commission said:

We also find that the work rule offered by the defendants is admissible and that it is not required that such rule be submitted to the Commission for its approval prior to the hearing.

*Id.* at 194. The construction afforded a statute by the public officials charged with its administration and enforcement is entitled to be given weight by a court. The legislature is presumed to be cognizant of such construction. When it has long continued without change, the legislature is presumed to have acquiesced therein. *Baskerville v. Saunders Oil Co.*, 1 Va. App. 188, 193, 336 S.E.2d 512, 514 (1985).

 We hold that the statutory requirement of commission approval is satisfied by the finding of the commission, in the course of claim litigation, that the rule is reasonable and proper for enforcement. The question of whether an employee was guilty of willful misconduct is a question of fact to be resolved by the commission. *Uninsured Employer's Fund v. Keppel*, 1 Va. App. 162, 165, 335 S.E.2d 851, 852 (1985).

For the foregoing reasons, the judgment of the Virginia Workers' Compensation Commission is affirmed.

*Affirmed.*

Baker, J., and Coleman, J., concurred.