**Alexandria**

SITES CONSTRUCTION COMPANY, INC.

and

GENERAL ACCIDENT INSURANCE COMPANY

v.

CHARLES R. HARBESON, BRAD W. RIPPER,

GARY HARBESON,

D&B BUILDERS, NVR RYAN HOMES

and HOME INSURANCE COMPANY

Nos. 1866-92-4
1867-92-4
1868-92-4

Decided August 3, 1993

COUNSEL

Stephen J. Price, *pro hac vice* (Robert C. Baker, Jr.; Mell & Brownell, on brief), for appellants.

Edward H. Grove, III (Brault, Palmer, Grove, Zimmerman, White & Mims, on brief), for appellees NVR  Ryan Homes and Home Insurance Company.

No brief or argument for appellees D&B Builders, Brad  Ripper, Charles Harbeson and Gary Harbeson.

OPINION

**FITZPATRICK, J.**—Sites Construction Company, Inc. and General Accident Insurance Company (collectively referred to as "Sites") appeal a decision of the Virginia Workers' Compensation Commission that affirmed three separate deputy commissioner's opinions holding Sites, as the first adequately insured contractor in the ascending chain

of statutory employers, liable for benefits awarded in this case. On appeal, Sites argues that, pursuant to Code § 65.2-302, all statutory employers are jointly liable to a statutory employee who sustains a compensable injury; therefore, the commission erred in failing to hold NVR Ryan Homes (Ryan), the general contractor, jointly liable for the awards made to Brad Ripper, Charles Harbeson and Gary Harbeson (claimants). We conclude that the commission did not err in failing to determine the issue of contribution between the two statutory employers. Accordingly, we affirm.

## BACKGROUND

The three claimants were employed by D&B Builders (D&B) and were injured in the same accident when a roof collapsed on a construction project. The claimants were all direct employees of D&B. D&B was an uninsured sub-contractor of Sites. Sites was a sub-contractor of the general contractor, Ryan. The facts concerning the accident, disability, wages and the claimants' status as statutory employees of both Sites and Ryan are not in dispute. Sites presented a claim for contribution from Ryan as to any award that might be entered against Sites. Each of the deputy commissioners entered an award against Sites but made no ruling as to Ryan. Although Ryan was not dismissed as a party, no ruling was made as to Ryan's liability for the award against Sites.

Ryan had a written contract with Sites that provided that Sites would indemnify and hold Ryan harmless for any sums Ryan was liable to pay as a result of workers' compensation benefits. The commission found both Ryan and Sites to be statutory employers. Pursuant to established commission policy, an award was entered only as to the first statutory employer, in ascending order, with sufficient workers' compensation coverage to cover an appropriate award.

## LIABILITY BETWEEN STATUTORY EMPLOYERS

Neither Sites nor Ryan used the service of any of the claimants for pay. Therefore, neither Ryan nor Sites falls within the definition of "employer" set forth in Code § 65.2-101. However, both are subject to liability for awards to the claimants under the Virginia Workers' Compensation Act because of their status as statutory employers pursuant to Code § 65.2-302.[1]

---

[1] Code § 65.2-302 provides:

In *Sykes v. Stone & Webster Engineering Corp.*, 186 Va. 116, 41 S.E.2d 469 (1947), the Supreme Court of Virginia explained the purposes of "statutory employer" statutes as follows:

> It clearly appears to be the purpose of section 20(a) to bring within the operation of the Compensation Act all persons engaged in any work that is a part of the trade, business or occupation of the original party who undertakes as owner, or contracts as contractor, to perform that work, and to make liable to every employee engaged in that work every such owner, or contractor, and sub-contractor, above such employee. But when the employee reaches an employer in the ascending scale, of whose trade, business or occupation the work being performed by the employee is not a part, then that employer is not liable to that employee for compensation under section 20(a). At that point paragraph 5 of section 12 intervenes and the employee's right of action at common law is preserved.

*Id.* at 122-23, 41 S.E.2d at 472 (decided under former law).

Sites argues that the commission erred in not entering an award against Ryan. As we explained in *A.G. Van Metre, Jr., Inc. v. Gandy*, 7 Va. App. 207, 372 S.E.2d 198 (1988), "the only effect [of adding an award against Ryan] would be to add another party responsible for paying compensation in the ascending scale. But this would in no way

A. When any person (referred to in this section as "owner") undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (referred to in this section as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any worker employed in the work any compensation under this title which he would have been liable to pay if the worker had been immediately employed by him.

B. When any person (referred to in this section as "contractor") contracts to perform or execute any work for another person which work or undertaking is not a part of the trade, business or occupation of such other person and contracts with any other person (referred to in this section as "subcontractor") for the execution or performance by or under the subcontractor of the whole or any part of the work undertaken by such contractor, then the contractor shall be liable to pay to any worker employed in the work any compensation under this title which he would have been liable to pay if that worker had been immediately employed by him.

C. When the subcontractor in turn contracts with still another person (also referred to as "subcontractor") for the performance or execution by or under such last subcontractor of the whole or any part of the work undertaken by the first subcontractor, then the liability of the owner or contractor shall be the same as the liability imposed by subsections A and B of this section.

affect [Sites'] liability under Code § [65.2-302]." *Id.* at 210, 372 S.E.2d at 200-01. "Thus, [claimants] had a right to look up the ascending scale for compensation payments, first from [their] immediate employer, [D&B], then from [Sites], and next from [Ryan]." *Id.*

The commission, in adjudicating the claims at bar, applied its policy of entering an award against only the first statutory employer in the ascending scale with adequate coverage. "The purpose and effect of the . . . [Act] are to control and regulate the relations *between the employer and the employee.*" *Hartford Fire Ins. Co. v. Tucker*, 3 Va. App. 116, 120, 348 S.E.2d 416, 418 (1986). "When the rights of the claimant are not at stake, the Act clearly leaves the litigants to their common law remedies, with the pleading requirements, broader discovery and more stringent rules of evidence not applicable under the Act." *Id.* at 121, 348 S.E.2d at 419.

Under familiar principles, "the Workers' Compensation Law should be construed liberally in favor of the worker." *Board of Supervisors of Henrico County v. Martin*, 3 Va. App. 139, 146, 348 S.E.2d 540, 543 (1986), *appeal dismissed*, 363 S.E.2d 703 (Va. 1987). "The construction afforded a statute by the public officials charged with its administration and enforcement is entitled to be given weight by a court. The legislature is presumed to be cognizant of such construction. When it has long continued without change, the legislature is presumed to have acquiesced therein." *Watford v. Colonial Williamsburg Found.*, 13 Va. App. 501, 505, 413 S.E.2d 69, 71-72 (1992) (citations omitted).

Applying these principles to the case at bar, we conclude that the commission's policy is neither contrary to nor inconsistent with any statute, has a rational basis in furthering the overall objectives of the Act by expediting the receipt of benefits, and has been implicitly approved by the legislature. As Deputy Commissioner Colville opined: "[t]his policy is logical as Sites Construction Company was in a far better position to insist that its subcontractor have the requisite worker's compensation insurance than NVR Ryan Homes."

The commission's award does not grant, nor could it, Ryan immunity from liability for claimants' injuries. As we held in *Wagner Enters., Inc. v. Brooks*, 12 Va. App. 890, 897, 407 S.E.2d 32, 37 (1991), a general contractor "cannot avoid liability simply because another insured statutory employer . . . preceded it in the ascending employment hierarchy." "Thus, employees of an uninsured sub-

subcontractor may look to the subcontractor, and to the general contractor, for coverage, although recovery is not permitted from both." *States Roofing Corp. v. Bush Constr. Corp.*, 15 Va. App. 613, 616-17, 426 S.E.2d 124, 126 (1993) (citing Code §§ 65.2-302, 65.2-303). Rather, the commission declined to rule on Sites' entitlement to contribution from Ryan. We find no authority requiring the commission to adjudicate such issues. The commission's ruling provided the claimants with all the coverage to which they were entitled and did not abridge any cause of action, statutory or contractual, that Sites may have against Ryan. Finding no error, we affirm.

*Affirmed.*

Baker, J., and Bray, J., concurred.