COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


MARCHIA L. BRACKETT

                                            MEMORANDUM OPINION[*]
v.   Record No. 0466-98-1                       PER CURIAM
                                            AUGUST 25, 1998
CHESAPEAKE PUBLIC SCHOOLS,
 TRANSPORTATION DEPARTMENT
 AND TRIGON ADMINISTRATORS


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Karen M. Rye, on brief), for appellant.

          (Bradford C. Jacob; Taylor & Walker, on
          brief), for appellees.


     Marchia L. Brackett contends that the Workers' Compensation

Commission erred in denying her request to penalize her employer,

Chesapeake Public Schools, Transportation Department, pursuant to

Code § 65.2-524.  Brackett argues that the commission erred in

allowing employer a credit for voluntary payments made to

Brackett pursuant to employer's sick leave policy against

temporary total disability benefits owed to Brackett for the same

period of time under the commission's July 24, 1996 award.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

     The facts are not in dispute.  Brackett sustained a

compensable injury while working for employer as a school bus

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

driver.  Brackett filed an application seeking an award of medical benefits and temporary total disability benefits. Following an evidentiary hearing, the commission entered an award in favor of Brackett, granting her temporary total disability benefits from March 21, 1994 until March 27, 1994 and from March 9, 1995 until March 12, 1995.  After deducting the statutory seven-day waiting period under Code § 65.2-509, Brackett was entitled to four days of benefits, totalling $64.43.  Neither party appealed the July 24, 1996 decision.

Alleging employer's failure to timely pay benefits, Brackett filed a motion requesting that the commission assess a penalty against employer pursuant to Code § 65.2-524.  Brackett also filed a motion for employer to show cause why it had not complied with the commission's award.

The commission held a hearing on Brackett's motion for the penalty.  At that hearing, the parties stipulated that employer paid Brackett her full wages for work absences from March 21, 1994 through March 27, 1994 under the terms of its sick leave policy.  The parties agreed that employer did not charge Brackett with sick leave for those days.  The parties also agreed that employer paid Brackett her full wages for work absences from March 9, 1995 through March 12, 1995 and that, although she was initially charged with sick leave for those days, employer reinstated Brackett's sick leave in August 1996 after the commission's award was final.

In denying Brackett's motion for a penalty, the commission found as follows:

> In this case, [Brackett] argues that the employer waived its right to credit itself with [Brackett's] reinstated sick leave and is barred from raising the issue now because it did not raise it at the compensation hearing or appeal the compensation award. However, as Dyson [v. Commonwealth of Virginia Department of Transportation, 67 O.I.C. 237 (1988),] makes apparent, this is not required by § 65.2-520. The Act also does not require that the employer seek the Commission's prior approval before crediting itself. Such a requirement would discourage and delay the voluntary payment of benefits through salary continuation to employees.

(Footnote omitted.).

Citing Collins v. Dept. of Alcoholic Beverage Comm., 21 Va. App. 673, 679-80, 467 S.E.2d 279, 282 (1996), the commission ruled that it has "the power and authority not only to make and enforce its awards, but to protect itself and its awards from fraud, imposition and mistake." The commission further ruled as follows:

> [E]mployer maintains that it did not know at the July 23, 1996 hearing that [Brackett] received her full wages during the disability period. Paying the indemnity benefits awarded by the Commission would result in [Brackett] being paid twice. We disagree with [Brackett's] argument that the Commission lacks the authority to prevent such unjust enrichment.

Under facts similar to this case, the commission held in 1988 that "payment of wages to the employee based upon sick or annual leave may be credited to the employer under the provisions

-3-

of § 65.1-72 [now Code § 65.2-520] when leave is reinstated."

Dyson, 67 O.I.C. at 239.

> The construction afforded a statute by the public officials charged with its administration and enforcement is entitled to be given great weight by a court. The legislature is presumed to be cognizant of such construction. When it has long continued without change, the legislature is presumed to have acquiesced therein.

Watford v. Colonial Williamsburg Found., 13 Va. App. 501, 505, 413 S.E.2d 69, 71-72 (1992).

Contrary to Brackett's assertions, the plain language of Code § 65.2-520 does not require that an employer seek approval from the commission before taking a credit for voluntary payments made to a claimant. Moreover, as the commission correctly found, Brackett would have been unjustly enriched with a double recovery if employer was denied its right to take the credit. Under the circumstances of this case, "'[i]mposition' . . . empower[ed] the commission . . . to render [a decision] based on justice shown by the total circumstances even though no fraud, mistake or concealment [was] shown." Avon Prods., Inc. v. Ross, 14 Va. App. 1, 7, 415 S.E.2d 225, 228 (1992).

In light of the weight to be given to the commission's construction of Code § 65.2-520 and the application of the doctrine of imposition to this case, we hold that the commission did not err in denying Brackett's motion for a penalty and in allowing employer a credit.

For these reasons, we affirm the commission's decision.

-4-

<u>Affirmed</u>.