COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Alston and Huff
Argued at Chesapeake, Virginia


VICO CONSTRUCTION CORPORATION AND
 TWIN CITY FIRE INSURANCE COMPANY

                                                    MEMORANDUM OPINION* BY
v.      Record No. 2348-12-1                        JUDGE ROSSIE D. ALSTON, JR.
                                                    AUGUST 13, 2013
MICHAEL E. TAYLOR


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             Linda M. Gillen (Daniel E. Lynch & Associates, P.C., on brief),
             for appellants.

             Ira M. Steingold (Steingold & Mendelson, on brief), for appellee.


        Vico Construction Corporation and Twin City Fire Insurance Company (employer) appeal

the decision of the Virginia Workers' Compensation Commission (the commission) terminating

Michael E. Taylor's (claimant) benefits as of November 21, 2011.  On appeal, employer argues that

the commission erred in failing to give employer a credit for payments made between March 2010

and November 21, 2011.  For the reasons that follow, we affirm the decision of the commission.

                                   I.  BACKGROUND[1]

        "By well established principles, we view the evidence in the record in the light most

favorable to the party prevailing before the commission," in this case, claimant.  Boys & Girls

Club of Va. v. Marshall, 37 Va. App. 83, 85, 554 S.E.2d 104, 105 (2001).

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] As the parties are fully conversant with the record in this case and because this
memorandum opinion carries no precedential value, this opinion recites only those facts and
incidents of the proceedings as are necessary to the parties' understanding of the disposition of this
appeal.

So viewed, the evidence indicated that claimant suffered a compensable injury on May 23, 2007, in the course of his employment with employer. In the fall of 2008, claimant's physician released him to light-duty work, and claimant eventually returned to light-duty work with a different employer. On September 29, 2009, the commission awarded claimant temporary partial disability benefits beginning June 12, 2009, and continuing.

At some point not clearly indicated in the record, claimant was incarcerated after being indicted on several criminal charges.[2]

On October 6, 2010, after learning claimant was incarcerated, employer filed an application for a hearing before the commission to suspend claimant's award under Code § 65.2-711 for failing to notify the commission and the insurance carrier of his change in address. On October 11, 2010, claimant's attorney acknowledged in a letter to the commission that claimant was incarcerated and awaiting trial.

On June 6, 2011, claimant was found guilty of aggravated sexual battery. On June 7, 2011, employer filed a second application for hearing, requesting that the commission suspend claimant's award under Code § 65.2-510.1 because claimant was imprisoned. Employer also sought a credit for any period claimant was ineligible for benefits as a result of his incarceration. On June 27, 2011, the commission rejected employer's applications for hearings because employer had not provided any evidence that claimant was incarcerated or that he had failed to provide notice of his change of address. Employer did not appeal this decision, and it is not before us in the instant appeal.

---

[2] Employer alleges claimant was incarcerated in March 2010. Claimant disputes this claim, arguing that there is no evidence in the record as to the actual date of claimant's incarceration prior to his sentencing on November 21, 2011.

On November 21, 2011, claimant was sentenced to twenty years' imprisonment for his criminal conviction. The sentencing order awarded claimant credit against his imprisonment for time served.

On November 28, 2011, employer applied again for a hearing to suspend claimant's award under Code § 65.2-510.1. Employer again sought a credit for the benefits paid to claimant since the date claimant was first incarcerated. On January 25, 2012, the deputy commissioner issued an opinion suspending claimant's benefits under Code § 65.2-510.1 and awarding employer a credit for benefits paid after March 1, 2010.

Claimant appealed the decision to the commission, arguing that the credit should begin at the date of his sentencing, November 21, 2011, rather than the date he was first incarcerated. Employer responded that the credit was proper under the commission's inherent equitable powers because claimant's time served had been included in his sentence. The commission affirmed the suspension of claimant's award under Code § 65.2-510.1. However, the commission reversed the deputy commissioner's award of a credit to employer for benefits paid beginning March 1, 2010. The commission held that the plain language of Code § 65.2-510.1 allowed for suspension of a claimant's benefits only after a claimant was convicted and sentenced. Therefore, the commission awarded employer a credit for benefits paid beginning on November 21, 2011. This appeal followed.

## II. ANALYSIS

On appeal, employer alleges the commission erred in failing to give employer a credit for benefit payments it made to claimant between March 2010 and November 21, 2011.

Code § 65.2-510.1(A) provides for the suspension of an imprisoned claimant's benefits pursuant to Code § 65.2-708 under certain circumstances. It states,

> Whenever an employee is imprisoned in a jail, state correctional
> facility, or any other place of incarceration and (i) the

- 3 -

imprisonment resulted from the employee's conviction of a criminal offense and followed his sentencing therefor by a court of competent jurisdiction, (ii) the employee is receiving compensation for temporary total incapacity pursuant to [Code] § 65.2-500 or temporary partial incapacity under [Code] § 65.2-502, and (iii) the employee is medically released to perform selective employment, compensation benefits for wage loss shall be suspended under [Code] § 65.2-708 upon filing of a proper application to the Commission.

Code § 65.2-708(A), the provision under which an imprisoned claimant's benefits are suspended, provides:

Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Commission may review any award of compensation and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this title, and shall immediately send to the parties a copy of the award. . . . No such review shall affect such award as regards any moneys paid except pursuant to [Code] §§ 65.2-712, 65.2-1105, and 65.2-1205.

To determine employer's assignment of error, this Court must construe the language of Code §§ 65.2-510.1(A) and -708(A). "An issue of statutory interpretation is a pure question of law which we review de novo." Ford Motor Co. v. Gordon, 281 Va. 543, 549, 708 S.E.2d 846, 850 (2011). While "'[t]his Court is not bound by the legal determinations made by the commission,'" Uninsured Employer's Fund v. Harper, 26 Va. App. 522, 529, 495 S.E.2d 540, 543 (1998) (quoting Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 324, 416 S.E.2d 708, 711 (1992), aff'd, 245 Va. 337, 428 S.E.2d 905 (1993)), we are also mindful that "'[t]he construction afforded a statute by the public officials charged with its administration and enforcement is entitled to be given weight by a court.'" Lynch v. Lee, 19 Va. App. 230, 232, 450 S.E.2d 391, 392 (1994) (quoting Watford v. Colonial Williamsburg Found., 13 Va. App. 501, 505, 413 S.E.2d 69, 71 (1992)).

In this case, the commission held that Code §§ 65.2-510.1(A) and -708(A) did not permit the suspension of claimant's award as of the date of his imprisonment in March 2010, prior to claimant's conviction and sentencing. Instead, the commission held that claimant's benefits could be suspended only as of November 21, 2011, the date claimant was sentenced.

We agree that employer was not entitled to a credit for benefits paid to claimant beginning in March 2010. When an application for hearing is premised on Code § 65.2-708, an employer may recover only those benefits paid after the date of the filing of the application. See Bristol Door & Lumber Co. v. Hinkle, 157 Va. 474, 479, 161 S.E. 902, 904 (1932) (interpreting Code § 1887(47), the predecessor statute to Code § 65.2-708, to hold that modification of an award based on a change in condition can date back only to the date of the application for hearing); McFadden v. Carpet House, 42 Va. App. 302, 309, 591 S.E.2d 708, 712 (2004) (holding that Code § 65.2-708 provides that "except in certain limited circumstances . . . an employer seeking to terminate an outstanding award may affect that award only prospectively"); Brushy Ridge Coal Co. v. Blevins, 6 Va. App. 73, 80, 367 S.E.2d 204, 207 (1988) ("The commission cannot review a prior award in order to revise or modify it in regard to monies paid."); see also Linda D. Slough, Virginia Practice: Workers' Compensation § 22:2 (2012-13) ("If the employer could have suspended compensation earlier, but paid through the date of the filing of the application, there is no provision for a credit for compensation paid during the period in which it was not required."). Further, Code § 65.2-708(A) specifically provides, "No such review shall affect such award as regards any moneys paid except pursuant to [Code] §§ 65.2-712, 65.2-1105, and 65.2-1205. . . ."[3]

---

[3] Code §§ 65.2-712, -1105, and -1205 are not applicable in the case at bar. Code § 65.2-1105 covers payments made to an employer or carrier. Code § 65.2-1205 involves employees compensated through the uninsured employers fund. Finally, Code § 65.2-712 provides that an employer may recover benefits paid if an employee fails to report his incarceration or other changes in circumstances. However, the commission in this case found

"The general principle is well established that an employee becomes vested with the right to receive workers' compensation benefits under an award in his favor so long as the award remains outstanding." Uninsured Employer's Fund v. Peters, 43 Va. App. 731, 736, 601 S.E.2d 687, 690 (2004). In the case at bar, an outstanding award entitled claimant to benefits. Employer did not file an application for hearing until November 28, 2011.[4] Thus, employer was entitled to recover only those benefits paid after the date of the filing of the application.[5]

Employer argues that claimant was unjustly enriched by payments made between March 2010 and November 21, 2011. If employer had brought a claim under Code § 65.2-712 alleging that claimant failed to immediately report his incarceration, employer perhaps could have received a credit for these payments. However, the commission in this case found that employer was not entitled to a credit pursuant to Code § 65.2-712 because it did not allege that claimant failed to report his incarceration. Employer did not appeal this determination, and it is therefore final and binding upon us in the instant appeal.

Finally, employer requests that this Court exercise its "equitable powers" to award employer a credit for benefits paid beginning in March 2010. Employer also requested that the

---

that employer was not entitled to a credit pursuant to Code § 65.2-712 because it did not allege that claimant failed to report his incarceration. Employer did not appeal this determination, and it is therefore final and binding upon us in the instant appeal.

[4] Employer's other applications for hearing filed on October 6, 2010, and June 7, 2011, were rejected by the commission because employer failed to provide any evidence that claimant was imprisoned and had not provided notice of his change of address. Employer did not appeal this determination. Because the commission fully resolved these earlier applications for hearing and they are not before us on appeal, the only application for hearing relevant to the instant appeal is employer's November 28, 2011 application.

[5] We recognize that the commission awarded employer a credit for benefits paid beginning November 21, 2011, and not November 28, 2011, the date employer's application for hearing was filed. Because claimant did not appeal the commission's award of a credit for benefits from November 21, 2011, and in fact argued before the commission that the credit should begin on November 21, 2011, any error in the commission's use of this earlier date rather than the date employer filed its application for hearing is not before us on appeal.

commission exercise its equitable powers to award employer the credit, and the commission declined to do so. We too decline to exercise our equitable powers to award employer the credit. See McFadden, 42 Va. App. at 309, 309 n.6, 591 S.E.2d at 711-12, 712 n.6.

Because Code § 65.2-708 generally operates prospectively only and allows for a credit only in a very limited set of circumstances not applicable in the instant case, the commission did not err in refusing to grant employer a credit beginning in March 2010 for benefits paid to claimant.

Affirmed.