PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges Frank, Beales and Senior Judge Clements
Argued at Richmond, Virginia


NATIONWIDE MUTUAL INSURANCE COMPANY
                                                                    OPINION BY
v.        Record No. 0322-14-2                         JUDGE ROBERT P. FRANK
                                                                  DECEMBER 9, 2014
THE ESTATE OF PHILLIP HARRISON AND
  UNINSURED EMPLOYER'S FUND


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Adam E. Strauchler (Robey, Teumer, Drash, Kimbrell & Counts, on
        brief), for appellant.

        Charlene A Morring (Montagna, Klein, Camden LLP, on brief), for
        appellee the Estate of Phillip Harrison.

        Robert A. Rapaport (Bonnie P. Lane; Clarke, Dolph, Rapaport,
        Hull & Brunick, P.L.C., on brief), for appellee Uninsured
        Employer's Fund.


        Nationwide Mutual Insurance Company ("Nationwide"), appellant, appeals the decision

of the Workers' Compensation Commission ("commission") finding that the commission has

jurisdiction to award compensation to the claimant. In the alternative, Nationwide challenges the

commission's refusal to stay proceedings before the commission pending the outcome of a

declaratory judgment action in the circuit court to resolve the coverage dispute. For the

following reasons, we affirm the commission's decision.

                                        BACKGROUND

        Claimant filed a claim against D&W Garages, Inc. ("D&W") seeking compensation for

the death of claimant's decedent, Phillip Harrison. At the time of his death, Harrison was an

employee for Home Crafters of Tidewater and a statutory employee of D&W.

D&W alleged it was covered under a workers' compensation policy issued by Nationwide. Nationwide defended on the basis that its policy was void *ab initio* due to a material misrepresentation made by D&W, i.e., that D&W failed to disclose its use of subcontractors. The Uninsured Employer's Fund was joined in the case.

The parties stipulated that decedent was subject to the jurisdiction of the Workers' Compensation Act ("the Act") at all times, that he was working for Home Crafters of Tidewater on August 29, 2012 when he was electrocuted resulting in his death on September 5, 2012, that his wife was the sole dependent at the time of his death, that his average weekly wage was $78.86, and that subject to the resolution of a coverage dispute with the employer, Nationwide is responsible for any award of benefits the commission may enter.

Nationwide asked the deputy commissioner to resolve the coverage dispute between it and D&W. The deputy ruled he had no jurisdiction to address the coverage dispute.[1] Nationwide then contended that the commission had no jurisdiction to enter an award against it because the deputy refused to determine coverage.

In the alternative, Nationwide moved for a stay in the proceedings pending the resolution of the declaratory judgment proceeding pending in circuit court. Nationwide did not indicate how long that proceeding would take.[2]

The deputy denied Nationwide's motions. Nationwide appealed to the full commission which upheld the deputy's rulings.

This appeal follows.

---

[1] Nationwide, in this appeal, does not contest this ruling.

[2] As of the date of the panel hearing, the declaratory judgment action had not yet been set for a hearing.

ANALYSIS

Nationwide raises two issues on appeal. First, it contends the commission had no jurisdiction to enter an award against it. Second, Nationwide claims the commission erred in refusing to stay the proceedings pending the results of the declaratory judgment action in circuit court.

Jurisdiction

Nationwide contends the commission had no jurisdiction to enter an award against it. This argument is premised on the commission's ruling that it had no jurisdiction over Nationwide to decide the coverage issue. It contends any award by the commission pre-supposes Nationwide is D&W's insurer. Until that issue is resolved, Nationwide argues, it is not properly before the commission until it is determined Nationwide is D&W's insurer.

A question regarding jurisdiction is a matter of law. Craig v. Craig, 59 Va. App. 527, 539, 721 S.E.2d 24, 29 (2012). "[W]e review the trial court's statutory interpretations and legal conclusions *de novo*." Navas v. Navas, 43 Va. App. 484, 487, 599 S.E.2d 479, 480 (2004).

Clearly, the commission has jurisdiction to resolve claims made under Title 65.2. See Code § 65.2-700. Nationwide cites no cases nor argues why the commission should be divested of that jurisdiction because of a coverage issue.

Nationwide is bound by the provisions of Code § 65.2-811 which states:

> No policy of insurance against liability arising under this title shall be issued unless it contains the agreement of the insurer that it will promptly pay the person entitled to the same all benefits conferred by this title and all installments of the compensation that may be awarded or agreed upon and that the obligation shall not be affected by any default of the insured after the injury or by any default in giving notice required by such policy or otherwise. Such agreement shall be construed to be a direct promise by the insurer to the person entitled to compensation, enforceable in his name.

Contractually, Nationwide agreed to pay compensation and that duty is a "direct promise" to the claimant to pay. As the commission opined, "there is no caveat in the statute that the claimant must first establish coverage . . . ."

Code § 65.2-804(B) provides:

> No policy of insurance hereafter issued under the provisions of this title, nor any membership agreement in a group self-insurance association, shall be cancelled or nonrenewed by the insurer issuing such policy or by the group self-insurance association cancelling or nonrenewing such membership, except on 30 days' notice to the employer and the Workers' Compensation Commission, unless the employer has obtained other insurance and the Workers' Compensation Commission is notified of that fact by the insurer assuming the risk, or unless, in the event of cancellation, said cancellation is for nonpayment of premiums; then 10 days' notice shall be given the employer and the Workers' Compensation Commission.

Hartford Fire Ins. Co. v. Tucker, 3 Va. App. 116, 348 S.E.2d 416 (1986), aids our analysis. The issue there was whether the commission had jurisdiction to decide an insured's claim for restitution against another insurer, specifically, which carrier was responsible for paying benefits to the claimant. Hartford had paid benefits for claimant pursuant to various agreements until it discovered that its policy did not become effective until after claimant suffered his injury. Hartford then sought to have another carrier be responsible for future benefits and to have that carrier make restitution to Hartford for payments previously made.

We held the commission had no jurisdiction to resolve disputes between carriers that do not affect an award of the commission. "The purpose and effect of the [Act] are to control and regulate the relations between the employer and the employee." Id. at 120, 348 S.E.2d at 418. "When the rights of the claimant are not at stake, the Act clearly leaves the litigants to their common law remedies . . . ." Id. at 121, 348 S.E.2d at 419.

Nationwide seeks to distinguish Hartford because in that case Hartford had already voluntarily assumed responsibility for compensating claimant for his injuries. Hartford had

- 4 -

agreed to and had been paying benefits prior to discovering the coverage problem. Nevertheless, whatever the underlying facts, the commission determined it had jurisdiction to rule on compensation despite finding it had no jurisdiction to determine restitution between conflicting carriers.

In the instant case, the commission found:

> When Virginia workers' compensation policies are reported to the commission, the commission presumes coverage under the registered policy, absent a ruling to the contrary. Valid coverage is presumed by the commission, so long as the insurance is reported and registered with the commission, and there is no requirement that coverage be affirmatively proven in every case. If the insurer asserts that it is not responsible for payment of the disputed claim, the insurer must prove that the policy it issued and reported to the commission was cancelled or voided. Moreover, if an insurer seeks to avoid coverage, which is facially valid by its report and registration of such policy with the commission, it must act to avoid coverage by providing the requisite notice of cancellation or nonrenewal, or by seeking a declaratory judgment voiding the policy.

> In this case, at the time of the claimant's accident the employer's policy with the employer was in place, it had been reported and registered with the commission, and there had been no notice provided of a cancellation or nonrenewal of the policy. Nor had there been any declaratory judgment action in which the policy had been declared void. Thus, under Va. Code § 65.2-811, the insurer was obligated to pay the claimant benefits owed under the Act, and the commission had jurisdiction to enter an award against the insurer in this case. Under these circumstances, a stay of the proceedings would be inappropriate.

The commission's opinion is well grounded in the Act. An insurer is required to pay benefits until the policy has been cancelled, not renewed or declared void. At the time of the claim, the policy was in full force and effect.[3]

---

[3] At oral argument, appellant contended that the commission should have ordered payment from the Uninsured Employer's Fund for payment. We disagree.
Pertinent to this issue, Code § 65.2-1203(A) provides as follows:

> Whenever, following due investigation of a claim for compensation benefits, the Commission determines that (i) the

Nationwide does not contend it cancelled the policy or did not renew it under the provisions of Code § 65.2-804(B). Thus, we conclude the commission did not err in finding it had jurisdiction over Nationwide to award compensation.

<u>Denial of Nationwide's Motion to Stay</u>

Essentially, Nationwide asked the commission to delay awarding the deceased's widow death benefits because it disputed coverage with its insured. Clearly, the claimant was not involved in that dispute.

The decision to stay a proceeding is a discretionary matter. <u>See</u> <u>Harris v. Harris</u>, 184 Va. 124, 127, 34 S.E.2d 378, 379 (1945) (addressing whether the circuit court "abuse[d] its discretion in refusing to stay the proceedings"). Similarly, a "ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion and resulting prejudice to the movant." <u>Haugen v. Shenandoah Valley Dep't of Soc. Servs.</u>, 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007). We review such a decision "in view of the circumstances unique to each case." <u>Id.</u>

---

employer of record has failed to comply with the provisions of § 65.2-801 . . . , and (ii) the claim is compensable, the Commission shall . . . order payment of any award of compensation benefits pursuant to this chapter from the Uninsured Employer's Fund.

The Fund was created "for the purpose of providing funds for compensation benefits awarded against any uninsured or self-insured employer under the provisions of this chapter." <u>Uninsured Employer's Fund v. Flanary</u>, 27 Va. App. 201, 206, 497 S.E.2d 912, 914 (1998); Code § 65.2-1201. The commission is authorized to "order payment of any award of compensation benefits . . . from the . . . Fund" when the commission determines that an employer has failed to acquire the requisite workers' compensation insurance or cannot satisfy a compensable claim in whole or in part. Code § 65.2-1203(A). This Court has held that the "purpose of the Fund is to insure that injured employees will be paid their compensation benefits even though their employer has breached his duty to secure compensation insurance." <u>A.G. Van Metre, Jr., Inc. v. Gandy</u>, 7 Va. App. 207, 213, 372 S.E.2d 198, 202 (1988).

Contractually, Nationwide is employer's insurer. Nothing in the record establishes that employer failed to comply with any of the statutory provisions of Code § 65.2-801. Therefore, we find no merit to Nationwide's assertion that the Fund is responsible for paying compensation to the claimant.

- 6 -

"The purpose of the Act is to protect employees." Turf Care, Inc. v. Henson, 51 Va. App. 318, 336, 657 S.E.2d 787, 795 (2008). "Thus, it is to be 'construed liberally and favorably as to' employees." Id. (quoting Ellis v. Commonwealth Dep't of Highways, 182 Va. 293, 303, 28 S.E.2d 730, 734 (1944)). "'Further, it is a universal rule that statutes . . . which are remedial in nature, are to be construed liberally, so as to suppress the mischief and advance the remedy, as the legislature intended.'" 7-Eleven, Inc. v. Dep't of Envtl. Quality, 42 Va. App. 65, 75, 590 S.E.2d 84, 89 (2003) (*en banc*) (quoting Bd. of Sup. v. King Land Corp., 238 Va. 97, 103, 380 S.E.2d 895, 897-98 (1989)).

Nationwide's position frustrates the purpose of the Act. The Act is remedial in nature; its purpose is "the prompt payment of compensation to injured workers. The purpose of the penalty provision of Code § [65.2-524] is to compel prompt payment. . . . [The statute's] time limit is designed to discourage 'slow and circuitous' payment of benefits due and to discourage inaction or inattention to a claim." Weston v. B.J. Church Constr. Co., 9 Va. App. 283, 286-87, 387 S.E.2d 96, 97-98 (1989).

Code § 65.2-811 states in part:

> No policy of insurance against liability arising under this title shall be issued unless it contains the agreement of the insurer that it will promptly pay the person entitled to the same all benefits conferred by this title and all installments of the compensation that may be awarded or agreed upon . . . .

The legislature clearly understood the financial needs of injured employees and their dependents. It must be remembered that the purpose of the Act is to compensate injured employees, based on the claimant's income. See Arlington Cnty. Fire Dep't v. Stebbins, 21 Va. App. 570, 572, 466 S.E.2d 124, 125-26 (1996) ("The purpose of the Workers' Compensation Act is to compensate employees when they lose an opportunity to engage in work after suffering

work-related injuries."). Those payments are income substitutes. Failure to receive income or its substitute creates financial hardship on the claimant and his/her dependents.

Since the coverage issue does not involve the claimant's right to an award, the claimant should be awarded timely benefits. Nationwide's argument only addresses prejudice to itself, ignoring a delay's impact on the decedent's spouse. Such a result does not protect the employee, but prejudices him.

We note that the deputy found no prejudice to Nationwide. However, the full commission never explicitly ruled on prejudice. It found Nationwide was obligated by statute and the terms of its policy to pay the award of compensation. Any resolution of the disputed coverage issue is not relevant to Nationwide's present duty to pay. It can reasonably be inferred that the commission found no prejudice to Nationwide because any stay granted would not affect Nationwide's present duty to pay.

We therefore conclude the commission did not abuse its discretion in not granting Nationwide's motion for a stay.

CONCLUSION

For the foregoing reasons, we conclude the commission did not err in finding that it had jurisdiction to award compensation to the claimant. We further find that the commission did not err in refusing to stay proceedings pending the outcome of a declaratory judgment action in the circuit court. Therefore, the decision of the commission is affirmed.

Affirmed.